EMILIA BATISTA WIDOW OF MIRANDA, Petitioner, *v*. DISTRICT COURT OF HUMACAO, R. ARJONA SIACA, JUDGE, Respondent.

No. 1183.   Argued July 10, 1939.—Decided July 29, 1939.

*Andrés Mena Latorre* for petitioner.   *Benjamín Ortiz* for the defendant in the principal suit.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

On December 19, 1938, Emilia Batista widow of Miranda filed foreclosure proceedings against Juana Neris under No. 1027 of the civil cases of the District Court of Humacao. She claimed $250 principal, interest at 9% *per annum* from April 1, 1938, until the date of the complaint, amounting to $15, and $50 for costs, expenses and attorney's fees and $30.74 for taxes owed by the property and paid by the complainant.

At the sale at public auction the defendant, through her attorney Benjamín Ortiz, filed a petition for the acknowledgement of the homestead right on the mortgaged house in the office of the marshal. The marshal carried out the sale and an amount under $500 was obtained for the property.

The mortgage debtor filed a motion in the District Court of Humacao on the day following that on which the sale was held praying the court to annul the said sale. The court heard both parties and later ordered the sale annulled. The complainant in the mortgage foreclosure not being in accord with the order of the court annulling the sale, has filed this petition in certiorari in which she requests that said order be annulled and that the sale be left in full force and effect.

■ The Homestead Act (No. 87, 1936, (1) page 460) in its Section 5 expressly provides that:

"No sale shall be made, under a judgment or execution, of any such urban or rural property when the same is claimed or occupied as a homestead, whether registered or not in the registry of property, unless a sum greater than five hundred dollars is obtained therefor."

In this case we have seen that the amount obtained in the sale was less than $500 and this being so, in compliance with the absolute provision of Section 5 of the Homestead Act, the lower court acted correctly in annulling the sale held, since according to the provision transcribed, the marshal had no jurisdiction to carry out the sale.

The petitioner alleges that the Mortgage Law cannot be amended except by special law but in this case an amendment to the Mortgage Law is not involved but an exemption that the law declares in favor of those properties wherein a homestead right is claimed when the sale held by virtue of a judgment or execution does not exceed the amount of $500.

■■ If the mortgage debtor has or has not the homestead right that she alleges, is a question to be decided in the corresponding declaratory judgment and not within the mortgage foreclosure proceeding and much less in this certiorari proceeding.

For the foregoing reasons, the preliminary writ issued should be annulled and the case remanded to the lower court for further proceedings.

Mr. Justice Travieso took no part in the decision of this case.